IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02464-BNB

DONNELL BARROW,

    Plaintiff,

v.

JOHN DOE et al.,
MEDICAL STAFF,
ADMINISTRATION, and
FBOP,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Donnell Barrow, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) at the United States Penitentiary, High Security, in Florence, Colorado (USP-Florence). Mr. Barrow filed *pro se* a Prisoner Complaint (ECF No. 1) on September 4, 2014, for injunctive relief and money damages pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1985. Mr. Barrow has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe Mr. Barrow's Prisoner Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Barrow will be ordered to file an amended Prisoner Complaint if he wishes to

pursue his claims in this action.

Mr. Barrow is suing improper parties. He may not sue the BOP, its medical staff, or its administration in a *Bivens* action. The United States, as sovereign, is immune from suit unless it expressly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976); *Bivens*, 403 U.S. at 410; *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024, 1027 (10th Cir. 1989).

The Prisoner Complaint also is deficient because Mr. Barrow fails to allege facts that demonstrate any of the named defendants personally participated in the asserted constitutional violations. In order to state a claim in federal court, Mr. Barrow "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Barrow should name as defendants in the amended Prisoner Complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Barrow must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Supervisory officials may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat

superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Instead,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a civil rights suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Barrow may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Barrow uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

The amended Prisoner Complaint Mr. Barrow will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to

meet these purposes. See *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

The allegations in the Prisoner Complaint are vague. Mr. Barrow alleges that he was retaliated against because he has been deprived of medical treatment needed for a chronic and painful skin disease. He complains that while he was incarcerated at a different federal prison facility, he was approved to see a dermatologist. He contends he was transferred to USP-Florence so that the prior prison facility could avoid the costs of medical treatment and complains that USP-Florence is not medically equipped to provide the necessary medical care. As a result, he asserts he was retaliated against by the transfer, which he also blames for interfering with his ability to exhaust administrative remedies and denying him access to the courts because he does not have adequate legal assistance at USP-Florence. On the basis of these allegations, Mr. Barrow contends his right to be free from cruel and unusual punishment under the Eighth Amendment has been violated. In a letter filed on September 11, 2014 (ECF No. 5), Mr. Barrow alleges that he is experiencing sharp chest pain and has attempted, unsuccessfully, to obtain pain medication because the USP-Florence medical staff and

administration are "conspiring against" him. ECF No. 5 at 1. He does not make these same allegations in the Prisoner Complaint he filed.

In the amended Prisoner Complaint, Mr. Barrow must assert his claims in a manner that is clear and concise and allows the Court and each defendant to understand and respond to each asserted claim. Generally, Mr. Barrow must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Barrow must present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Barrow must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. A long, chronological recitation of facts is not required. However, neither the Court nor defendants should be required to sift through Mr. Barrow's vague allegations to determine the heart of each claim. The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Prisoner Complaint.

In addition, Mr. Barrow must provide the address for each named defendant.

Finally, Plaintiff's handwriting is difficult to read because it is written in all capital letters.  Pursuant to Rule 10.1 of the Local Rules of Practice for this Court, Plaintiff is required to file legible documents, utilizing upper- and lower-case lettering.  *See* D.C.COLO.LCivR 10.1(g).  Mr. Barrow is warned that, even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may bar recovery if Mr. Barrow seeks to refile in this Court because the two-year statute of limitations may have run on his *Bivens* claims.

Accordingly, it is

ORDERED that Plaintiff, Donnell Barrow, file **within thirty (30) days from the date of this order** an amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved form for filing a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use the form in filing the amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Prisoner Complaint as directed **within thirty days from the date of this order**, certain claims against certain defendants, or the entire Prisoner Complaint and action, may be dismissed without further notice.

DATED September 17, 2014, at Denver, Colorado.

                                          BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge